ing of McKeagney by the defendant, and as would excuse the act on the ground of self-defense. At least the case was very properly one for the jury, upon the evidence stating the transaction which had taken place." * * *

*Adolphus D. Pape* for the appellant. ·

*Randolph B. Martine,* district attorney, for the respondent.

Opinion by Daniels, J.; Van Brunt, P. J., and Brady, J., concurred.

Judgment affirmed.

---

EMIL STADELMAN, Respondent, *v.* FRANCIS LOEHR and CHARLES JABURG, Appellants.

*The temporary insanity of one partner does not authorize the other partner to make a general assignment.*

Appeal from an order continuing an injunction and appointing a receiver in this action.

The plaintiff and the defendant Charles Jaburg were engaged in business as copartners. The plaintiff attended to the business in the city of New York, and Jaburg traveled about the country obtaining orders for it. The plaintiff was placed in the Bloomingdale asylum as an insane person, on the 13th of May, 1887, and discharged on the eighth of June, of the same year. His partner returned to the city of New York, and finding the affairs of his business to be such, in his judgment, as to justify the act, he on the 14th of May, 1887, made a general assignment for the benefit of creditors to his co-defendant in this action. Two or three days preceeding the assignment, and while he states he did not consider it to be necessary, he delivered to the assignee goods of the partnership amounting in value to the sum of $1,500 in payment of his own individual indebtedness, and which after the assignment it is stated to have been agreed should by means of their proceeds be added to the assigned property.

The court at General Term said: "The court considering this assignment to be either fraudulent or made without authority, and the disagreement of the partners to be such as to require that to be

done, appointed a receiver of the partnership effects. The assignment made by the partner Jaburg, without the authority or concurrence of the plaintiff, who was his copartner, was not justified under the circumstances. There appears to be no reason for believing that the insanity with which the plaintiff at the time was affected, would be more than temporary in its continuance, and upon that circumstance the copartner was clearly not authorized to make a general assignment of the goods and effects of the firm for the benefit of creditors. Where that has been permitted to be done by one partner the other has been shown to have either absconded or left the business of the firm subject to the control of his copartner, or to have given him some direct authority, including that act, or the other partner has been deceased. ( *Welles* v. *March*, 30 N, Y., 344; *Palmer* v. *Myers*, 43 Barb., 509; *Williams* v. *Whedon*, 39 Hun, 98.) Neither these authorities, nor any other referred to, in their consideration of the law, proceed so far as to empower one partner to make a general assignment, where his copartner may be only temporarily disabled by illness, as was the fact in this instance. There was no probability, after what had transpired, that the partnership business could be managed and settled amicably by the parties themselves, and the person to whom the assignment was made was shown not to have been acquainted with the business and to be insolvent, having a large judgment against him shortly before the execution and delivery of the assignment.

"The order which was made appears to have been right and it should be affirmed, with ten dollars costs and disbursements."

*William G. Cooke*, for the appellants.

*Arthur Murphy*, for the respondent.

Opinion by DANIELS, J.; VAN BRUNT, P. J., and BRADY, J., concurred.

Order affirmed, with costs.